# EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
Nicholas J. De Blouw (State Bar #280922)
Jeffrey S. Herman (State Bar #280058)
Jeffrey@bamlawca.com
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/19/2025 2:24 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

*Attorneys for Plaintiff*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF LOS ANGELES

PHILIP CARLIG, an individual, on behalf of himself and on behalf of all persons similarly situated,

          Plaintiff,

vs.

NEXSTAR BROADCASTING, INC., a Corporation; NEXSTAR BROADCASTING GROUP, INC., a Corporation; NEXSTAR MEDIA INC., a Corporation; TRIBUNE MEDIA COMPANY, a Corporation; and DOES 1 through 50, inclusive,

          Defendants.

Case No. ___25STCV24426___

**CLASS ACTION COMPLAINT FOR:**
1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200;
2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;
3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE § 510;
4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;
6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;
7. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802;
8. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203;
9. FAILURE TO PAY SICK PAY WAGES IN VIOLATION OF CAL. LAB CODE §§201-203, 233, 246;
10. DISCRIMINATION AND RETALIATION VIOLATION OF FEHA; and,
11. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.
**DEMAND FOR A JURY TRIAL**

1

Philip Carlig ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following.

## **THE PARTIES**

1.      Nexstar Broadcasting, Inc. is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

2.      Nexstar Broadcasting Group, Inc. is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

3.      Nexstar Media Inc. is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

4.      Tribune Media Company is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

5.      Nexstar Broadcasting, Inc., Nexstar Broadcasting Group, Inc., Nexstar Media Inc. , and Tribune Media Company were the joint employers of PLAINTIFF as evidenced by wage statements, W-2 documents, Company written policy documents and by the company PLAINTIFF performed work for respectively, and are therefore jointly responsible as employers for the conduct alleged herein, and are therefore collectively referred to herein as ("DEFENDANT").

6.      DEFENDANT owns, operates, programs and provides sales and other services to television stations in California.

7.      Plaintiff Carlig was employed by DEFENDANT in California from 1998 to December 30, 2024. Plaintiff Carlig worked at DEFENDANT's KTLA station in Los Angeles, California as a graphic artist. Plaintiff Carlig was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

8.      PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by Nexstar Broadcasting, Inc.

1  and/or Nexstar Broadcasting Group, Inc. and/or Nexstar Media Inc. And/or Tribune Media

2  Company in California, including any employees staffed with Nexstar Broadcasting, Inc. and/or

3  Nexstar Broadcasting Group, Inc. and/or Nexstar Media Inc. and/or Tribune Media Company

4  by a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any

5  time during the period beginning four (4) years prior to the filing of this Complaint and ending

6  on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount

7  in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million

8  dollars ($5,000,000.00).

9          9.      PLAINTIFF brings this Class Action on behalf of himself and a

10  CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their

11  losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's

12  policy and practice which failed to lawfully compensate these employees. DEFENDANT's

13  policy and practice alleged herein was an unlawful, unfair and deceptive business practice

14  whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the

15  other members of the CALIFORNIA CLASS.  PLAINTIFF and the other members of the

16  CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the

17  future, relief for the named PLAINTIFF and the other members of the CALIFORNIA

18  CLASS who have been economically injured by DEFENDANT's past and current unlawful

19  conduct, and all other appropriate legal and equitable relief.

20          10.      The true names and capacities, whether individual, corporate, subsidiary,

21  partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are

22  presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious

23  names pursuant to Cal. Civ. Proc. Code § 474.  PLAINTIFF will seek leave to amend this

24  Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when

25  they are ascertained.  PLAINTIFF is informed and believes, and based upon that information

26  and belief alleges, that the Defendants named in this Complaint, including DOES 1 through

27  50, inclusive, are responsible in some manner for one or more of the events and happenings

28  that proximately caused the injuries and damages hereinafter alleged.

11.     The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein.  Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## **THE CONDUCT**

12.     Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work. As DEFENDANT is a news publication, it was common practice for information to suddenly come in which required urgent attention, regardless of whether PLAINTIFF and CALIFORNIA CLASS Members had already clocked out for the end of their shift. Therefore, due to the nature of their work, PLAINTIFF and CALIFORNIA CLASS Members would often be forced by DEFENDANT to continue working, despite clocking out for the day, to ensure all information was properly processed and all work was timely finished before being able to leave for the day. Thus, DEFENDANT required PLAINTIFF and CALIFORNIA CLASS Members to work without paying them for all the time they were under DEFENDANT's dominion and control.  DEFENDANT, as a matter of established company policy and procedure, administers a uniform practice of rounding the actual time worked by PLAINTIFF and CALIFORNIA CLASS Members, so that during the course of their employment, PLAINTIFF and CALIFORNIA CLASS Members are paid less than they would have been paid had they been paid for actual time worked rather than "rounded" time.  Specifically, in order to complete the job duties and as mandated by

4

DEFENDANT, PLAINTIFF was required to work off the clock during what should have been his off duty meal periods.  DEFENDANT's managers, specifically Executive Producer Marcus Smith, would require PLAINTIFF to perform graphic artist related tasks for various breaking news segments such as missing persons, police suspects on the run, natural disasters such as wildfires & earthquakes, etc. that would require immediate attention regardless if PLAINTIFF was clocked out for a meal period.  PLAINTIFF was not paid for his work he performed off the clock and was not paid meal penalties by DEFENDANT for these violations. To that end, as directed by DEFENDANT through management and supervisors, PLAINTIFF and CALIFORNIA CLASS Members would record their hours worked at the end of the day or at the end of the pay period by inputting only the time they were scheduled to work, not the time they actually worked and were under DEFENDANT's dominion and control. As such, their recorded time was rounded and did not accurately capture all of time worked. Thus, DEFENDANT knew or reasonably should have know that the online recording system reflected "rounded" hours instead of actual time worked, as PLAINTIFF and CALIFORNIA CLASS Members were expressly required by DEFENDANT's policies, procedures, and directives to round their time when entering it into the online system.

13.    State and federal law provides that employees must be paid overtime and meal and rest break premiums at one-and-one-half times their "regular rate of pay."  PLAINTIFF and other CALIFORNIA CLASS Members are compensated at an hourly rate plus incentive pay that is tied to specific elements of an employee's performance.

14.    The second component of PLAINTIFF's and other CALIFORNIA CLASS Members' compensation is DEFENDANT's non-discretionary incentive program that paid PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANT.  The non-discretionary incentive program provided all employees paid on an hourly basis with incentive compensation when the employees met the various performance goals set by DEFENDANT.  However, when calculating the regular rate of pay in order to pay overtime and meal and rest break premiums to PLAINTIFF and

1  other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive

2  compensation as part of the employees' "regular rate of pay" for purposes of calculating

3  overtime pay and meal and rest break premium pay.  Management and supervisors described

4  the incentive program to potential and new employees as part of the compensation package.

5  As a matter of law, the incentive compensation received by PLAINTIFF and other

6  CALIFORNIA CLASS Members must be included in the "regular rate of pay."  The failure

7  to do so has resulted in a underpayment of overtime compensation and meal and rest break

8  premiums to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

9       15.    Due to DEFENDANT being a news publication, it was common practice for

10  information to suddenly come in which required urgent attention, regardless of whether

11  PLAINTIFF and CALIFORNIA CLASS Members had already clocked out for a meal

12  period. As a result, PLAINTIFF and other CALIFORNIA CLASS Members were from time

13  to time unable to take thirty (30) minute off duty meal breaks and were not fully relieved of

14  duty for their meal periods.  PLAINTIFF and other CALIFORNIA CLASS Members were

15  required from time to time to perform work as ordered by DEFENDANT for more than five

16  (5) hours during some shifts without receiving a meal break.  Further, DEFENDANT from

17  time to time failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a

18  second off-duty meal period for some workdays in which these employees were required by

19  DEFENDANT to work ten (10) hours of work.  DEFENDANT also engaged in the practice

20  of rounding the meal period times to avoid paying penalties to PLAINTIFF and other

21  CALIFORNIA CLASS Members.  PLAINTIFF worked the 2:30 a.m. to 10:30a.m. shift.

22  Regularly, PLAINTIFF did not take a meal period until around seven (7) hours into his shift

23  due to work constraints and tasks.  However, DEFENDANT failed to pay PLAINTIFF for

24  these late meal period violations even though DEFENDANT was aware of the late lunch

25  periods.  PLAINTIFF understands that the CALIFORNIA CLASS Members from time to

26  time had meal and rest periods that were untimely, short and interrupted. DEFENDANT

27  knew or reasonably should have known PLAINTIFF and the CALIFORNIA CLASS

28  MEMBERS were being interrupted during what should have been their off-duty meal

1    periods, but failed to take any action to prevent further meal break violations and remedy

2    past violations. Thus, as described above, PLAINTIFF and other CALIFORNIA CLASS

3    Members were interrupted during their meal breaks, and were required from time to time to

4    perform work as ordered by DEFENDANT for more than five (5) hours during some shifts

5    without receiving a meal break. DEFENDANT also engaged in the practice of rounding the

6    meal period times to avoid paying penalties to PLAINTIFF and other CALIFORNIA

7    CLASS Members.  PLAINTIFF and other members of the CALIFORNIA CLASS therefore

8    forfeit meal breaks without additional compensation and in accordance with

9    DEFENDANT's corporate policy and practice.

10         16.    During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other

11   CALIFORNIA CLASS Members were also required from time to time to work in excess of

12   four (4) hours without being provided ten (10) minute rest periods.  Further, these employees

13   were denied their first rest periods of at least ten (10) minutes for some shifts worked of at

14   least two (2) to four (4) hours from time to time, a first and second rest period of at least ten

15   (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to

16   time, and a first, second and third rest period of at least ten (10) minutes for some shifts

17   worked of ten (10) hours or more from time to time.  PLAINTIFF and other CALIFORNIA

18   CLASS Members were also not provided with one hour wages in lieu thereof.  Additionally,

19   the applicable California Wage Order requires employers to provide employees with off-

20   duty rest periods, which the California Supreme Court defined as time during which an

21   employee is relieved from all work related duties and free from employer control.  In so

22   doing, the Court held that the requirement under California law that employers authorize and

23   permit all employees to take rest period means that employers must relieve employees of all

24   duties and relinquish control over how employees spend their time which includes control

25   over the locations where employees may take their rest period. Due to DEFENDANT's

26   business, DEFENDANT's deadlines, and the work duties PLAINTIFF and the

27   CALIFORNIA CLASS Members were required by DEFENDANT to perform, PLAINTIFF

28   and the CALIFORNIA CLASS Members were not provided with timely, uninterrupted,

duty-free rest periods. Specifically, due to the sudden and unexpected manner in which news and information were received, PLAINTIFF and the CALIFORNIA CLASS Members were required to stop what they were doing and take immediate action, regardless of whether they were supposed to be on a duty-free rest period. PLAINTIFF did not take compliant rest periods on a daily basis due to the on-demand work flow discussed herein and DEFENDANT's managers requiring work to be done at a moment's notice. Moreover, PLAINTIFF was never instructed or trained on the rest period policy and was not aware that he was eligible to take duty-free, uninterrupted first or second rest periods, and believe that the CALIFORNIA CLASS Members similarly did not. As such, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. DEFENDANT knew or reasonably should have known PLAINTIFF and the CALIFORNIA CLASS Members were being interrupted during what should have been their off-duty rest periods, but failed to take any action to prevent further rest break violations and/or remedy past violations. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof. PLAINTIFF was not paid a single rest or meal period premium for any of the violations he suffered during the CLASS PERIOD.

17.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount of time these employees worked. Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work. DEFENDANT required these employees to work off the clock without paying them for all the time they were under DEFENDANT's control.

As such, DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS were under compensated for all time worked. As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited time worked by working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime wage rates. To the extent that the time worked off the clock does not qualify for overtime premium payment, DEFENDANT fails to pay minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.

18. From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. PLAINTIFF and CALIFORNIA CLASS Members would often arrive at work before their scheduled start time, immediately begin working off-the-clock, and then "round" their hours instead of entering their actual time worked and PLAINTIFF were also required to work off the clock during what should have been their off-duty meal periods. Therefore, the hours worked on PLAINTIFF's and the CALIFORNIA CLASS Members' wage statements almost always inaccurately reflect a round number. As a result, PLAINTIFF and the CALIFORNIA CLASS Members were paid less than they would have been had they been paid for all time worked. Similarly, a review of PLAINTIFF's wage statements also reveals DEFENDANT failed to pay PLAINTIFF any meal break penalties during the relevant period even though, PLAINTIFF and the CALIFORNIA CLASS Members were interrupted by work assignments while clocked out for what should have been their off-duty meal breaks, resulting in wage statement inaccuracies. Additionally, because PLAINTIFF and CALIFORNIA CLASS Members were paid on an hourly basis, the wage statements should reflect all applicable hourly rates during

the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to Cal. Lab. Code § 226(a). However, the wage statements DEFENDANT provided to PLAINTIFF and other CALIFORNIA CLASS Members failed to identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period. When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2). Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under Cal. Lab. Code § 226.

19.     DEFENDANT underpaid sick pay wages to PLAINTIFF and other CALIFORNIA CLASS Members by failing to pay such wages at the regular rate of pay in violation of Cal. Lab. Code Section 246.  Specifically, PLAINTIFF and other non-exempt employees earn non-discretionary remuneration.  Rather than pay sick pay at the regular rate of pay, DEFENDANT underpaid sick pay to PLAINTIFF and other CALIFORNIA CLASS Members at their base rates of pay.  Specifically, PLAINTIFF and other non-exempt employees earned non-discretionary remuneration, including, but not limited to, shift differential wages provided to employees who worked less desirable shifts, such as evenings, nights, or weekends.  Rather than pay sick pay at the regular rate of pay, DEFENDANT underpaid sick pay to PLAINTIFF and other CALIFORNIA CLASS Members at their base rates of pay.  For example, PLAINTIFF was paid the "Night Diff" for working his 2:30a.m. to 10:30a.m. shift at $4.00 per hour and was paid sick pay wages in pay periods 12/14/2024 and 1/27/24, but DEFENDANT failed to correctly include these shift differential wages into PLAINTIFF's sick pay rates in the same pay period.   Cal. Lab. Code Section 246(l)(2) requires that paid sick time for nonexempt employees be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment. DEFENDANT violated Cal. Lab. Code Section 246 by failing to pay sick pay at the regular rate of pay. PLAINTIFF and CALIFORNIA CLASS Members routinely earned non-

discretionary incentive wages which increased their regular rate of pay. However, when sick pay was paid, it was paid at the base rate of pay for PLAINTIFF and members of the CALIFORNIA CLASS, as opposed to the correct, higher regular rate of pay, as required under Cal. Lab. Code Section 246.

20.    As a pattern and practice, DEFENDANT regularly failed to pay PLAINTIFF and other members of the CALIFORNIA CLASS their correct wages and accordingly owe waiting time penalties pursuant to Cal. Lab. Code Section 203. Further, PLAINTIFF is informed and believes and based thereon alleges that such failure to pay sick pay at regular rate was willful, such that PLAINTIFF and members of the CALIFORNIA CLASS whose employment has separated are entitled to waiting time penalties pursuant to Cal. Lab. Code Sections 201-203. .

21.    DEFENDANT intentionally and knowingly failed to reimburse and indemnify PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT.  Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment.  Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

22.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit. Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by DEFENDANT to use their personal cellular phones.  PLAINTIFF  downloaded the

Workday, Chrome, Zoom, and Microsoft teams applications onto his personal cell phone for the benefit of DEFENDANT, as they were DEFENDANT's required means of communication with employees, including PLAINTIFF and the CALIFORNIA CLASS Members. Therefore, PLAINTIFF is informed and believes and thereon alleges that the CALIFORNIA CLASS Members also downloaded the same applications onto their personal cell phones to communicate and carry out work for DEFENDANT's benefit. Additionally, PLAINTIFF used his camera to take and provide photographs to provide to DEFENDANT to fulfill their job duties, and used time clock applications on their personal cell phone for DEFENDANT's benefit. As a result, in the course of their employment with DEFENDANT, PLAINTIFF and CALIFORNIA CLASS Members incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT, which DEFENDANT knew or reasonably should have known were being incurred by PLAINTIFF and CALIFORNIA CLASS Members.

## JURISDICTION AND VENUE

23.    This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

24.    Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT and DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS.

///

///

CLASS ACTION COMPLAINT

**THE CALIFORNIA CLASS**

25.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by Nexstar Broadcasting, Inc. and/or Nexstar Broadcasting Group, Inc. and/or Nexstar Media Inc. And/or Tribune Media Company in California, including any employees staffed with Nexstar Broadcasting, Inc. and/or Nexstar Broadcasting Group, Inc. and/or Nexstar Media Inc. and/or Tribune Media Company by a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court  (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

26.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

27.     DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work.

28.     DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as required by California laws.  The DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS

Member is paid as required by law.  This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, (the "UCL") as causation, damages, and reliance are not elements of this claim.

29.     The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

30.     DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

(a)     Committing an act of unfair competition in violation of , Cal. Bus. & Prof. Code §§ 17200, (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, including minimum wages owed and overtime wages owed for work performed by these employees; and,

(b)     Committing an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods.

31.     This Class Action meets the statutory prerequisites for the maintenance of a Class  Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)     The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

CLASS ACTION COMPLAINT

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was classified as a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's deceptive practice and policy which failed to provide the legally required meal and rest periods to the CALIFORNIA CLASS and thereby underpaid compensation to PLAINTIFF and CALIFORNIA CLASS.  PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices.  PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive and unfair misconduct engaged in by DEFENDANT; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

32.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish

15

incompatible standards of conduct for the parties opposing the
CALIFORNIA CLASS; and/or,

2)     Adjudication with respect to individual members of the
CALIFORNIA CLASS which would as a practical matter be
dispositive of interests of the other members not party to the
adjudication or substantially impair or impede their ability to
protect their interests.

(b)     The parties opposing the CALIFORNIA CLASS have acted or refused
to act on grounds generally applicable to the CALIFORNIA CLASS,
making appropriate class-wide relief with respect to the CALIFORNIA
CLASS as a whole in that DEFENDANT failed to pay all wages due to
members of the CALIFORNIA CLASS as required by law;

1)     With respect to the First Cause of Action, the final relief on
behalf of the CALIFORNIA CLASS sought does not relate
exclusively to restitution because through this claim
PLAINTIFF seeks declaratory relief holding that the
DEFENDANT's policy and practices constitute unfair
competition, along with declaratory relief, injunctive relief, and
incidental equitable relief as may be necessary to prevent and
remedy the conduct declared to constitute unfair competition;

(c)     Common questions of law and fact exist as to the members of the
CALIFORNIA CLASS, with respect to the practices and violations of
California law as listed above, and predominate over any question
affecting only individual CALIFORNIA CLASS Members, and a Class
Action is superior to other available methods for the fair and efficient
adjudication of the controversy, including consideration of:

1)     The interests of the members of the CALIFORNIA CLASS in
individually controlling the prosecution or defense of separate

actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)    Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.    Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)    In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of

17

certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

33.     This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)     The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

(b)     A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)     The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)     PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

18

1
2
3
4

    (g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

5
6

    (h)    The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

7
8
9
10

    (i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

11    34.    DEFENDANT maintains records from which the Court can ascertain and

12 identify by job title each of DEFENDANT's employees who have been intentionally

13 subjected to DEFENDANT's company policy, practices and procedures as herein alleged.

14 PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of

15 similarly situated employees when they have been identified.

16

17    **THE CALIFORNIA LABOR SUB-CLASS**

18    35.    PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh,

19 Eighth and Ninth causes Action on behalf of a California sub-class, defined as all members

20 of the CALIFORNIA CLASS who are or previously were employed by Nexstar

21 Broadcasting, Inc. and/or Nexstar Broadcasting Group, Inc. and/or Nexstar Media Inc.

22 And/or Tribune Media Company in California, including any employees staffed with

23 Nexstar Broadcasting, Inc. and/or Nexstar Broadcasting Group, Inc. and/or Nexstar Media

24 Inc. and/or Tribune Media Company by a third party, and classified as non-exempt

25 employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three

26 (3) years prior to the filing of the complaint and ending on the date as determined by the

27 Court  (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ.

28

Proc. § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

36.     DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate compensation for the time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and reporting time wages owed to these employees, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. DEFENDANT has denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

37.     DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

38.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

39.     Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)     Whether DEFENDANT unlawfully failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUB-CLASS for missed meal and rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

20

(b)  Whether DEFENDANT failed to provide the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(c)  Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(d)  The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(e)  Whether DEFENDANT's conduct was willful.

40.  DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)  Violating Cal. Lab. Code § 510, by failing to correctly pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS all wages due for overtime worked, for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(b)  Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1, by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

(c)  Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing the corresponding correct amount of wages earned by the employee;

(d)  Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required off-duty rest breaks;

(e)  Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the

21

employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment; and,

(f)    Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members with necessary expenses incurred in the discharge of their job duties.

41.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply to every member of the CALIFORNIA LABOR SUB-CLASS;

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, was a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's practice and policy which failed to pay the correct amount of wages due to the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or

22

1     identically harmed by the same unlawful, deceptive, and unfair

2     misconduct engaged in by DEFENDANT; and,

3     (d)    The representative PLAINTIFF will fairly and adequately represent and

4     protect the interest of the CALIFORNIA LABOR SUB-CLASS, and

5     has retained counsel who are competent and experienced in Class

6     Action litigation.  There are no material conflicts between the claims of

7     the representative PLAINTIFF and the members of the CALIFORNIA

8     LABOR SUB-CLASS that would make class certification

9     inappropriate.  Counsel for the CALIFORNIA LABOR SUB-CLASS

10    will vigorously assert the claims of all CALIFORNIA LABOR SUB-

11    CLASS Members.

12    42.    In addition to meeting the statutory prerequisites to a Class Action, this action

13    is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

14    (a)    Without class certification and determination of declaratory, injunctive,

15    statutory and other legal questions within the class format, prosecution

16    of separate actions by individual members of the CALIFORNIA

17    LABOR SUB-CLASS will create the risk of:

18    1)    Inconsistent or varying adjudications with respect to individual

19    members of the CALIFORNIA LABOR SUB-CLASS which

20    would establish incompatible standards of conduct for the

21    parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

22    2)    Adjudication with respect to individual members of the

23    CALIFORNIA LABOR SUB-CLASS which would as a

24    practical matter be dispositive of interests of the other members

25    not party to the adjudication or substantially impair or impede

26    their ability to protect their interests.

27    (b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have

28    acted or refused to act on grounds generally applicable to the

23

1     CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide
2     relief with respect to the CALIFORNIA LABOR SUB-CLASS as a
3     whole in that DEFENDANT fails to pay all wages due. Including the
4     correct wages for all time worked by the members of the
5     CALIFORNIA LABOR SUB-CLASS as required by law;
6  (c)  Common questions of law and fact predominate as to the members of
7     the CALIFORNIA LABOR SUB-CLASS, with respect to the practices
8     and violations of California Law as listed above, and predominate over
9     any question affecting only individual CALIFORNIA LABOR SUB-
10    CLASS Members, and a Class Action is superior to other available
11    methods for the fair and efficient adjudication of the controversy,
12    including consideration of:
13    1)  The interests of the members of the CALIFORNIA LABOR
14       SUB-CLASS in individually controlling the prosecution or
15       defense of separate actions in that the substantial expense of
16       individual actions will be avoided to recover the relatively small
17       amount of economic losses sustained by the individual
18       CALIFORNIA LABOR SUB-CLASS Members when compared
19       to the substantial expense and burden of individual prosecution
20       of this litigation;
21    2)  Class certification will obviate the need for unduly duplicative
22       litigation that would create the risk of:
23       A.  Inconsistent or varying adjudications with respect to
24          individual members of the CALIFORNIA LABOR SUB-
25          CLASS, which would establish incompatible standards of
26          conduct for the DEFENDANT; and/or,
27       B.  Adjudications with respect to individual members of the
28          CALIFORNIA LABOR SUB-CLASS would as a

24

practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

43. This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a) The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

25

(c)     The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)     PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)     The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who worked for DEFENDANT in California at any time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

CLASS ACTION COMPLAINT

## FIRST CAUSE OF ACTION

### For Unlawful Business Practices

### [Cal. Bus. And Prof. Code §§ 17200]

### (By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)

44.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

45.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

46.     California Business & Professions Code §§ 17200, (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

47.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 221, 226.7, 246, 510, 512, 1194, 1197, 1197.1, 1198, 2802 and the Fair Labor Standards Act and federal regulations promulgated thereunder, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

48.     By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

49.     By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to provide the legally mandated meal and rest periods, the required amount of compensation for missed meal and rest periods and overtime and minimum wages owed, failed to timely pay wages, and failed to reimburse all necessary business expenses incurred, and failed to provide Fair Labor Standards Act overtime wages due for overtime worked as a result of failing to include non-discretionary incentive compensation into their regular rates of pay for purposes of computing the proper overtime pay due to a business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

50.     By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

51.     By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide all legally required meal breaks to PLAINTIFF and the other members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

52.     Therefore, PLAINTIFF demands on behalf of himself and on behalf of each CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty

28

meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

53.    PLAINTIFF further demands on behalf of himself and each member of the CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which an off duty paid rest period was not timely provided as required by law.

54.    By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all time worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

55.    All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200.

56.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

57.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

58.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business

29

1  practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur

2  unabated.  As a result of the unlawful and unfair business practices described herein,

3  PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will

4  continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained

5  from continuing to engage in these unlawful and unfair business practices.

6

7  **SECOND CAUSE OF ACTION**

8  **For Failure To Pay Minimum Wages**

9  **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

10  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

11  **and Against All Defendants)**

12      59.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

13  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

14  paragraphs of this Complaint.

15      60.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

16  CLASS bring a claim for DEFENDANT's willful and intentional violations of the

17  California Labor Code and the Industrial Welfare Commission requirements for

18  DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and

19  CALIFORNIA CLASS Members.

20      61.    Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by

21  the commission is the minimum wage to be paid to employees, and the payment of a less

22  wage than the minimum so fixed in unlawful.

23      62.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid

24  wages, including minimum wage compensation and interest thereon, together with the costs

25  of suit.

26      63.    DEFENDANT maintained a wage practice of paying PLAINTIFF and the

27  other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct

28  amount of time they work.  As set forth herein, DEFENDANT's policy and practice was to

30

1  unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the

2  other members of the CALIFORNIA LABOR SUB-CLASS.

3      64.    DEFENDANT's unlawful wage and hour practices manifested, without

4  limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

5  implementing a policy and practice that denies accurate compensation to PLAINTIFF and

6  the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum

7  wage pay.

8      65.    In committing these violations of the California Labor Code, DEFENDANT

9  inaccurately calculated the correct time worked and consequently underpaid the actual time

10  worked by PLAINTIFF and other members of the CALIFORNIA  LABOR SUB-CLASS.

11  DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and

12  other benefits in violation of the California Labor Code, the Industrial Welfare Commission

13  requirements and other applicable laws and regulations.

14      66.    As a direct result of DEFENDANT's unlawful wage practices as alleged

15  herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did

16  not receive the correct minimum wage compensation for their time worked for

17  DEFENDANT.

18      67.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT

19  required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

20  Members to work without paying them for all the time they were under DEFENDANT's

21  control.  During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the

22  other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked

23  that they were entitled to, constituting a failure to pay all earned wages.

24      68.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

25  compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

26  CLASS for the true time they worked, PLAINTIFF and the other members of the

27  CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an

28

CLASS ACTION COMPLAINT

economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

69.     DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time worked.  DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

70.     In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

71.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further,

PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

### THIRD CAUSE OF ACTION

**For Failure To Pay Overtime Compensation**

**[Cal. Lab. Code § 510]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

72.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though full set forth herein, the prior paragraphs of this Complaint.

73.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay these employees for all overtime worked, including, work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

74.     Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40) hours per workweek  unless they receive additional compensation beyond their regular wages in amounts specified by law.

75.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage and overtime compensation and interest thereon, together with the costs of suit.  Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

76.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and

CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by DEFENDANT to work for DEFENDANT and were not paid for all the time they worked, including overtime work.

77.    DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that failed to accurately record overtime worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

78.    In committing these violations of the California Labor Code, DEFENDANT inaccurately recorded overtime worked and consequently underpaid the overtime worked by PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members.  DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations. As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for overtime worked.

79.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law.  None of these exemptions are applicable to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint.  Rather, PLAINTIFF brings this Action on behalf of himself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

80. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have been paid less for overtime worked that they are entitled to, constituting a failure to pay all earned wages.

81. DEFENDANT failed to accurately pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay as evidenced by DEFENDANT's business records and witnessed by employees.

82. By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true amount of time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

83. DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for all overtime worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked.

84. In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them,

1   and with the despicable intent of depriving them of their property and legal rights, and

2   otherwise causing them injury in order to increase company profits at the expense of these

3   employees.

4       85.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

5   CLASS therefore request recovery of all overtime wages, according to proof, interest,

6   statutory costs, as well as the assessment of any statutory penalties against DEFENDANT,

7   in a sum as provided by the California Labor Code and/or other applicable statutes.  To the

8   extent minimum and/or overtime compensation is determined to be owed to the

9   CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment,

10  DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these

11  individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which

12  penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS

13  Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in

14  good faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members

15  are entitled to seek and recover statutory costs.

16              **FOURTH CAUSE OF ACTION**

17          **For Failure to Provide Required Meal Periods**

18              **[Cal. Lab. Code §§ 226.7 & 512 ]**

19      **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

20                      **Defendants)**

21      86.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

22  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

23  paragraphs of this Complaint.

24      87.    During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time

25  failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other

26  CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order

27  and Labor Code.  The nature of the work performed by PLAINTIFF and CALIFORNIA

28  LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of

36

all of their duties for the legally required off-duty meal periods.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their meal periods. Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records from time to time.  Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period in some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work from time to time.  As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

88.    DEFENDANT further violates California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

89.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

///

///

///

///

///

///

///

37

**FIFTH CAUSE OF ACTION**

**For Failure to Provide Required Rest Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

90.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

91.    PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees from time to time were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

92.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

93.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

CLASS ACTION COMPLAINT

## SIXTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

94.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

95.     Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,
(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,
(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
(5) net wages earned,
(6) the inclusive dates of the period for which the employee is paid,
(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
(8) the name and address of the legal entity that is the employer, and
(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

96.     From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were paid on an hourly basis.  As such, the

wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a). The wage statements DEFENDANT provided to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members failed to identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period. When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2). Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226. As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with wage statements which violated Cal. Lab. Code § 226.

97.     DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs expended calculating the correct wages for all missed meal and rest breaks and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

///

///

///

///

CLASS ACTION COMPLAINT

## SEVENTH CAUSE OF ACTION

### For Failure to Reimburse Employees for Required Expenses

### [Cal. Lab. Code § 2802]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All

### Defendants)

98.     PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

99.     Cal. Lab. Code § 2802 provides, in relevant part, that:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

100.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit.  DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not limited to, costs related to using their personal cellular phones on behalf of and for the benefit of DEFENDANT.  Specifically, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were required by DEFENDANT to use their personal cellular phones and home offices in order to perform work related job tasks.  DEFENDANT's policy and practice was to not reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their personal cellular phones and home offices for DEFENDANT within the course and scope of their employment for DEFENDANT.  These expenses were necessary to complete their principal job duties. DEFENDANT is estopped  by DEFENDANT's conduct to assert any waiver of this expectation.  Although these expenses were necessary expenses incurred by PLAINTIFF

41

and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

101.    PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by himself and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their  job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

## EIGHTH CAUSE OF ACTION

### For Failure to Pay Wages When Due

### [ Cal. Lab. Code §§ 201, 202, 203]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

102.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

103.    Cal. Lab. Code § 200 provides, in relevant part, that:
As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

104.    Cal. Lab. Code § 201 provides, in relevant part, "that If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

105.    Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-

42

hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

106.    There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

107.    Cal. Lab. Code § 203 provides, in relevant part, that:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

108.    The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of all wages owed as required by law.  Additionally, at all times during the term of PLAINTIFF's employment with DEFENDANT, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members earned and accrued vested vacation and holiday time on the date of their termination pursuant to DEFENDANT's uniform vacation policies and applicable California law. The amount of vacation pay PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS  Members earned and accumulated is evidenced by DEFENDANT's business records. Additionally, DEFENDANT also underpaid accrued vested vacation wages to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS MEMBERS by failing to pay such wages at the regular rate of pay and more specifically the final rate of pay that included all non-discretionary incentive compensation.  Rather than pay vacation wages at the regular rate of pay, DEFENDANT underpaid vacation wages to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members at their base rates of pay, instead of including all of PLAINTIFF's and CALIFORNIA LABOR SUB-CLASS Members' non-discretionary incentive compensation into the vacation wage payment calculations.  By way of example, PLAINTIFF was paid for forty (40) hours of vacation pay at the end of his employment for pay period 12/01/2024 to 12/14/2024, paid on 12/20/2024.  PLAINTIFF also earned "Night Diff" which were shift differential wages described above in the same

43

1    pay period for working his 2:30a.m. to 10:30 a.m. shift.  Rather than pay vacation wages at

2    the regular rate of pay, DEFENDANT underpaid vacation wages to PLAINTIFF in that pay

3    period. DEFENDANT never paid PLAINTIFF the vacation wages still owed to him and

4    failed to pay any waiting time penalties owed to him.   DEFENDANT failed to specify in

5    DEFENDANT's written vacation policy the rate at which PLAINTIFF and other

6    CALIFORNIA LABOR CLASS Members would be paid vacation upon leaving

7    employment with DEFENDANT. As a result of DEFENDANT's unlawful practice, policy

8    and procedure to deny paying the PLAINTIFF and the other members of the CALIFORNIA

9    LABOR SUB-CLASS  all of their vested vacation and holiday time, DEFENDANT failed to

10   pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS all

11   vested vacation time as wages due upon employment termination, in violation of the

12   California Labor Code, Sections 201, 202, 203 and 227.3.  Similarly, DEFENDANT

13   underpaid waiting time penalties to PLAINTIFF and other CALIFORNIA LABOR SUB-

14   CLASS Members at their base rates of pay, instead of including all of PLAINTIFF's and

15   CALIFORNIA LABOR SUB-CLASS  Members' non-discretionary compensation into the

16   waiting time penalty calculations.  This failure by DEFENDANT is believed to be the result

17   of DEFENDANT's unlawful, unfair and deceptive refusal to provide compensation for

18   earned, accrued and vested vacation and holiday time, as well as the corresponding waiting

19   time penalties that were paid.  DEFENDANT perpetrated this unlawful, unfair and

20   deceptive practice to the detriment of the PLAINTIFF and the members of the

21   CALIFORNIA LABOR SUB-CLASS .  DEFENDANT's uniform practice and policy of

22   failing to pay the LABOR SUB-CLASS Members for all vested vacation and holiday time

23   accumulated at employment termination violated and continues to violate Section 227.3 of

24   the California Labor Code.

25         109.    Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the

26   members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated

27   and who have not been fully paid their wages due to them, PLAINTIFF demands thirty days

28   of pay as penalty for not paying all wages due at time of termination for all employees who

terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## NINTH CAUSE OF ACTION

**For Failure to Pay Sick Pay Wages**

**[ Cal. Lab. Code §§ 201-203, 233, 246]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

110.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

111.   Cal Lab. Code § 233 provides that an employer must permit an employee to use accrued sick leave in accordance with Cal Lab. Code § 246.5 at the employee's then current rate of entitlement.  Cal Lab. Code § 246 provides that an employee is entitled to sick pay wages for use of accrued sick leave pursuant to Cal Lab. Code § 246.5. Specifically, once accrued sick leave is used as paid sick time, an employee has a vested right to sick pay wages, which an employer must calculate and compensate based on one of two calculations: (i) "Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek," or (ii) "Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment." Under Cal Lab. Code §§ 218 and 233, employees may sue to recover underpaid sick pay wages as damages.

112.   As a matter of policy and practice, DEFENDANT pays sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS at the incorrect rate of pay.  PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS regularly use accrued sick leave in the workweeks in which they also earn

45

non-hourly remuneration.  As a matter of policy and practice, DEFENDANT pays sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS at the base hourly pay, as opposed to the regular rate of pay, which would consider all non-hourly remuneration in addition to base hourly wages, or the rate resulting from dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.  As a result, DEFENDANT underpaid sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS.

113.    Cal. Lab. Code § 246 specifically requires that, upon use of accrued sick leave, vested sick pay wages are due and to be paid no later than the payday for the next regular payroll period after accrued sick leave is used as paid sick time.  Similarly, Cal. Lab. Code § 201 provides that if an employer discharges an employee, wages earned and unpaid at the time of discharge are due and payable immediately. Cal. Lab. Code § 202 provides that an employee is entitled to receive all unpaid wages no later than 72 hours after an employee quits his or her employment, unless the employee has given 72-hour notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.  The Labor Code penalizes untimely payments.  For example, Cal. Lab. Code § 203 provides that if an employer willfully fails to pay wages owed in accordance with Cal. Lab. Code §§ 201-202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid, but the wages shall not continue for more than thirty (30) days. Cal. Lab. Code §§ 203 and 218, employees may sue to recover applicable penalties.

114.    As alleged herein and as a matter of policy and practice, DEFENDANT routinely underpays sick pay wages and thus did not timely pay PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS all owing and underpaid sick pay wages.  As a result, DEFENDANT violates Cal. Lab. Code §§ 201-203, 233, and 246, among other Labor Code provisions.  PLAINTIFF is informed and believes that DEFENDANT was advised by skilled lawyers and knew, or should have known, of the

mandates of the Labor Code as it relates to PLAINTIFF's allegations, especially since the California Supreme Court has explained that "[c]ourts have recognized that 'wages' also include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, *and sick pay*." *Murphy v. Kenneth Cole Prods., Inc*., 40 Cal. 4th 1094, 1103 (2007)(emphasis added). Because DEFENDANT willfully fails to timely pay PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS all sick pay wages due, DEFENDANT is subject to applicable penalties.

115.    Such a pattern, practice, and uniform administration of corporate policy is unlawful and entitles PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS to underpaid sick pay wages, including interest thereon, applicable penalties, attorney's fees, and costs of suit.

**TENTH CAUSE OF ACTION**

**[Discrimination and Retaliation For the Exercise of Rights Guaranteed Under the FEHA, Participating in Protected Activities, and/or Opposing DEFENDANT's Failure to Provide Such Rights]**

**Violation of FEHA Government Section 12900, *et. seq.***

**(By Plaintiff Carlig Against All Defendants)**

116.    Plaintiff Carlig realleges and incorporates by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

117.    Plaintiff Carlig worked  for DEFENDANT since 1998 and was terminated by DEFENDANT at the age of seventy-five (75) years old.  Additionally, Plaintiff Carlig was on medical paid leave recovering from surgery on his right eye for glaucoma and the removal of cataracts when he was terminated.   On December 11, 2024, while recovering from the surgery described above, Plaintiff received a voice-mail from Scott Altus whose job title was KTLA's Head of Creative Services.  Plaintiff Carlig called Scott Altus back on December 12, 2024 and was told that Plaintiff Carlig's full time staff employment with

1   DEFENDANT was terminated despite Plaintiff Carlig being scheduled to return to work on

2   December 16, 2024.  Scott Altus and DEFENDANT's other employees refused to reveal a

3   cause or reason for termination.  Plaintiff Carlig was then given two weeks notice, and his

4   employment with DEFENDANT was terminated, effective December 30, 2024.  Plaintiff

5   Carlig was retaliated and discriminated against due to being seventy-five (75) years old and

6   the fact he took medical leave for his eye surgery. As a result of his age and his taking

7   medical leave,  DEFENDANT wrongfully terminated Plaintiff Carlig's employment on

8   December 30, 2024.  Prior to filing this action Plaintiff Carlig exhausted his administrative

9   remedies by filing a timely administrative complaint with the Civil Rights Department

10   ("CRD") and received a CRD Right to Sue letter on July 28, 2025.

11        118.   DEFENDANT's conduct, as alleged, violated FEHA, Government Code

12   Section 12900, and DEFENDANT committed unlawful employment practices, including the

13   following bases for liability:

14        a.   Taking adverse employment actions against Plaintiff Carlig's, including

15   discharging, barring, refusing to transfer, retain, hire, select, and/or employ, and/or

16   otherwise discriminating against Plaintiff Carlig, in whole or in part on the basis of Plaintiff

17   Carlig's age, medical condition and/or requesting protected leave in violation of

18   Government Code Section 12940(a);

19        b.   Harassing Plaintiff Carlig and/or creating a hostile work environment,

20   in whole or in part on the basis of Plaintiff Carlig'sage and/or  medical condition and/or

21   requesting protected leave;

22        c.   Failing to take all reasonable steps to prevent discrimination and

23   harassment based on age and/or medical condition and/or requesting protected leave in

24   violation of Government Code section 12940(k);

25        d.   Retaliating against Plaintiff Carlig for seeking to exercise rights

26   guaranteed under FEHA, participating in protected activities, and/or opposing

27   DEFENDANT's failure to provide such rights, in violation of Government Code Section

28   12940(h).

119.   As a proximate result of DEFENDANT's willful, knowing, and intentional discrimination against Plaintiff Carlig, Plaintiff Carlig has sustained and continues to sustain substantial losses of earnings and other employment benefits.

120.   As a proximate result of DEFENDANT's willful, knowing, and intentional discrimination against Plaintiff Carlig, Plaintiff Carlig has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to Plaintiff Carlig's damage in a sum according to proof.

121.   Plaintiff Carlig has incurred and continues to incur legal expenses and attorneys' fees.  Pursuant to Government Code Section 12965(b), Plaintiff Carlig is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

122.   DEFENDANT's misconduct was committed intentionally, in a malicious, oppressive manner, and fraudulent manner entitling Plaintiff Carlig to punitive damages against DEFENDANT.

## ELEVENTH CAUSE OF ACTION

### For Wrongful Termination in Violation of Public Policy

### (By Plaintiff Carlig Against All Defendants)

123.   Plaintiff Carlig realleges and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

124.   Plaintiff Carlig worked  for DEFENDANT since 1998 and was terminated by DEFENDANT at the age of seventy-five (75) years old.  Additionally, Plaintiff Carlig was on medical paid leave recovering from surgery on his right eye for glaucoma and the removal of cataracts when he was terminated.   On December 11, 2024, while recovering from the surgery described above, Plaintiff received a voice-mail from Scott Altus whose job title was KTLA's Head of Creative Services.  Plaintiff Carlig called Scott Altus back on December 12, 2024 and was told that Plaintiff Carlig's full time staff employment with DEFENDANT was terminated despite Plaintiff Carlig being scheduled to return to work on

December 16, 2024.  Scott Altus and DEFENDANT's other employees refused to reveal a cause or reason for termination.  Plaintiff Carlig was then given two weeks notice, and his employment with DEFENDANT was terminated, effective December 30, 2024.  Plaintiff Carlig was retaliated and discriminated against due to being seventy-five (75) years old and the fact he took medical leave for his eye surgery. As a result of his age and his taking medical leave,  DEFENDANT wrongfully terminated Plaintiff Carlig's employment on December 30, 2024.

125.    Within the State of California there exists a substantial and fundamental public policy, set forth in the California Government Code §12900, which forbids discrimination and retaliation for requesting protected leave.  Unlawful harassment includes the right to be free from unwanted, offensive harassment, and the right to protest such conduct without fear of retaliation or further harm.  This public policy of the state is one that benefits the public at large and guarantees the rights of an employee to perform their work free from national origin and gender harassment, discrimination and retaliation.

126.    The motivating reason(s) for Plaintiff Carlig's termination were his age and his taking medical leave  and Plaintiff Carlig's protests and/or resistance thereof.  Plaintiff Carlig's discharge from his position of employment was in violation of the public policies of the State of California.

127.    As a result of DEFENDANT's actions, Plaintiff Carlig has suffered substantial losses in earnings and employment benefits and emotional distress in an amount to be determined according to proof at trial.

128.    In doing the acts herein alleged, DEFENDANT acted with malice and oppression, and with a conscious disregard of Plaintiff Carlig's rights, and Plaintiff Carlig is entitled to exemplary and punitive damages from DEFENDANT in an amount to be determined to punish DEFENDANT and to deter such wrongful conduct in the future.

CLASS ACTION COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.  On behalf of the CALIFORNIA CLASS:

    A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)    An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C)    An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

    D)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2.  On behalf of the CALIFORNIA LABOR SUB-CLASS:

    A)    That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

    B)    Compensatory damages, according to proof at trial, including compensatory damages for minimum and overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

C) The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

D) Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and the applicable IWC Wage Order;

E) For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197;

F) The amount of the expenses PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit.; and,

G) The wages of all terminated employees in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3. On behalf of the Tenth and Eleventh Causes of Action:

A) For all special damages which were sustained as a result of DEFENDANT's conduct, including, but not limited to, back pay, front pay, lost compensation and job benefits that PLAINTIFF would have received but for the retaliatory practices of DEFENDANT; and,

B) For all exemplary damages, according to proof, which were sustained as a result of DEFENDANT's conduct.

4. On all claims:

A) An award of interest, including prejudgment interest at the legal rate;

B) Such other and further relief as the Court deems just and equitable; and,

CLASS ACTION COMPLAINT

C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §221, §226, §1194, and/or §2802.

Dated: August 19, 2025        BLUMENTHAL NORDREHAUG BHOWMIK
                              DE BLOUW LLP

                        By:  /s/ Norman Blumenthal
                        _____

                              Norman B. Blumenthal
                              Nicholas J. De Blouw

                              *Attorneys for Plaintiff*

CLASS ACTION COMPLAINT

## DEMAND FOR A JURY TRIAL

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated: August 19, 2025     BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

By:   /s/ Norman Blumenthal
                Norman B. Blumenthal
                Nicholas J. De Blouw

                *Attorneys for Plaintiff*

CLASS ACTION COMPLAINT